IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DONNA ALOIA and JOSEPH ALOIA, §<br>  Plaintiffs, §<br> §<br>v. §<br> §<br>SAFECO INSURANCE COMPANY OF §<br>INDIANA §<br>  Defendant. § | Civil Action No. 5-23-cv-12 |

## SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Safeco Insurance Company of Indiana ("Safeco") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully show the following:

### *Procedural Background*

1. On December 5, 2022, Plaintiffs Donna Aloia and Joseph Aloia filed their Original Petition ("Original Petition") styled Cause No. C2022-2093A; *Donna Aloia and Joseph Aloia v. Safeco Insurance Company*; In the 22nd Judicial District Court of Comal County, Texas. Safeco Insurance Company was served with citation on December 8, 2022. Safeco's counsel immediately advised Plaintiffs' counsel that the incorrect entity had been sued.[1] Plaintiffs' filed their First Amended Petition naming the correct entity, Safeco Insurance Company of Indiana, on December 9, 2022, to which Safeco filed its Original Answer on December 16, 2022.

---

[1] The correct entity that issued the Policy to Plaintiffs relative to Plaintiffs' underlying lawsuit is Safeco Insurance Company of Indiana.

*Nature of the Suit*

2. This lawsuit involves a dispute over Safeco's handling of Plaintiffs' insurance claim for damages to their residential property located at 315 Woodcock Lane, Canyon Lake, Texas 78133, allegedly sustained as a result of a wind/hailstorm occurring on or about March 23, 2021. Plaintiffs assert causes of action against Safeco for breach of contract, noncompliance with the Texas Insurance Code (Unfair Settlement Practices, Prompt Payment of Claims), breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and common law fraud.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. The Amount in Controversy Exceeds $75,000.**

4. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[2] Here, Plaintiffs claim that their property, which Plaintiffs insured through Safeco, sustained storm damage.[3] Plaintiffs seek damages for Safeco's alleged failure to pay Plaintiffs what was owed

---

[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[3] *See* **Exhibit A**, First Amended Petition, p. 2.

under the terms of their insurance contract.[4]  The Policy in effect on the reported date of loss was a Safeco Quality Select Homeowners Policy with coverage limits of $282,200 for the dwelling, $36,240 for other structures, and $169,320 for personal property.  Plaintiffs seek actual damages, statutory benefits, treble damages, consequential damages, exemplary and punitive damages, damages for emotional distress, pre-judgment interest, post-judgment interest, and costs of suit.[5]  Plaintiffs also seek attorney fees for bringing this suit.[6]

5. Plaintiffs plead in their Original Petition that they are seeking "monetary relief of $250,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees."[7]  Plaintiffs made a pre-litigation Settlement Demand on August 31, 2021, in which Plaintiffs asserted actual damages (after previously made payment) were $242,975.85 (based upon Plaintiffs' public adjuster Layden Walker's estimate of repairs in the amount of $245,530.50) plus $1,000 in attorney's fees at that time (at a rate of $500/hour) and which threatened an after-suit demand of $575,000.[8]  Thus, given the Policy limits pertinent to Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

**B. Complete Diversity Exists Among Remaining Parties**

6. Upon information and belief, Plaintiffs were each a citizen of Texas when the Petition was filed, and each continues to be a citizen of Texas.

---

[4] *See* **Exhibit A**, Original Petition, pp. 3-6.
[5] *See* **Exhibit A**, Original Petition, pp. 11-14.
[6] *See* **Exhibit A**, Original Petition, p. 13.
[7] *See* **Exhibit A**, Original Petition, p. 2.
[8] *See* **Exhibit B**, DTPA Demand

7.  Safeco is a company organized under the laws of the State of Indiana with its principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, complete diversity exists between Plaintiffs and Safeco.

### *The Removal is Procedurally Correct*

8.  Safeco was first served with the Original Petition in District Court on December 8, 2022.[9] Therefore, Safeco files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

13. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

15. Pursuant to 28 U.S.C. §1446(d), promptly after Safeco files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 22nd Judicial District for Comal County, Texas, promptly after Safeco files this Notice.

WHEREFORE, Safeco Insurance Company of Indiana requests that this action be removed from the 22nd Judicial District Court of Comal County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

---

[9] Plaintiffs' First Amended Petition naming the correct entity as defendant was filed December 9, 2022.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lsslaw.com
rramos@lsslaw.com

_____
David R. Stephens
State Bar No. 19146100
Roland D. Ramos
State Bar No. 24096362

COUNSEL FOR SAFECO INSURANCE
COMPANY OF INDIANA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **5th** day of **January, 2023**, addressed to those who do not receive notice from the Clerk of the Court.

Shaun W. Hodge
Katherine C. Hairfield
THE HODGE LAW FIRM, PLLC
The Historic Runge House
1301 Market Street
Galveston, Texas 77550
shodge@hodgefirm.com
khairfield@hodgefirm.com

_____
David R. Stephens / Roland D. Ramos

5