IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DONNA ALOIA and JOSEPH ALOIA, §<br>    Plaintiffs, §<br>§<br>v. §<br>§<br>SAFECO INSURANCE COMPANY OF §<br>INDIANA, §<br>    Defendant. § | Civil Action No. SA-23-12-JKP (HJB) |

**SAFECO INSURANCE COMPANY OF INDIANA'S FIRST AMENDED ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Pursuant to the Court's Order Scheduling Order of February 23, 2023 (Doc. 11), Defendant Safeco Insurance Company of Indiana ("Safeco") files its First Amended Original Answer and Affirmative Defenses to Plaintiffs' First Amended Petition ("Petition"), and would respectfully show as follows:

**I.   AMENDED ANSWER**

1. The allegations in paragraph 1 of the Petition do not require a response from Safeco; Plaintiffs' discovery level averment is a nullity due to federal court jurisdiction.

2. Upon information and belief, Safeco denies the allegations in paragraph 2 of the Petition. Upon information and belief, Safeco admits that Plaintiffs are domiciled in Comal County, Texas.

3. With regard to the allegations in paragraph 3 of the Petition, Safeco admits only that it is doing business in the State of Texas and that it was properly served with citation in this matter. Safeco denies the remaining allegations in paragraph 3 of the Original Petition.

4. With regard to the allegations in paragraph 4 of the Petition, Safeco admits only that the District Court of Comal County, Texas had jurisdiction prior to removal of this case to the Western District of Texas, San Antonio Division. Safeco denies the remaining allegations in this paragraph.

5. Safeco denies the allegations contained in paragraph 5 of the Petition.

6. With regard to the allegations contained in paragraph 6 of the Petition, Safeco admits that Plaintiffs' property is situated, and the events giving rise to this lawsuit occurred, in Comal County, but denies that venue is proper in state court. Safeco admits that venue is proper in the United States District Court, Western District of Texas, San Antonio Division.

7. With regard to the allegations contained in paragraph 7 of the Petition, Safeco admits that Plaintiffs purchased a homeowners insurance policy from Safeco, issued under Policy No. OY7935778. The Policy speaks for itself.

8. Upon information and belief, Safeco admits the allegations contained in paragraph 8 of the Petition.

9. With regard to the allegations contained in paragraph 9 of the Petition, Safeco admits that Plaintiffs purchased a homeowners insurance policy from Safeco, issued under Policy No. OY7935778. The Policy speaks for itself.

10. With regard to the allegations in paragraph 10 of the Petition, Safeco admits that a storm reportedly occurred in the vicinity of Plaintiffs' property on or about March 23, 2021. Safeco denies the remaining allegations in this paragraph.

11. With regard to the allegations in paragraph 11 of the Petition, Safeco admits that Plaintiffs filed a claim under Policy No. OY7935778 for storm damage to their property and that Safeco assigned the identifying number 045323849 to Plaintiffs' claim for damages.

12. With regard to the allegations in paragraph 12 of the Petition, Safeco admits only that Plaintiffs filed a claim under their Policy for storm damage to their property. Safeco denies the remaining allegations contained in this paragraph.

13. With regard to the allegations in paragraph 13 of the Petition, Safeco admits that it assigned adjusters to investigate Plaintiffs' claims and inspect the property. Safeco admits that it observed covered damages to Plaintiffs' property, pursuant to the terms, conditions and exclusions of Plaintiffs' Policy, for which Safeco made payment to Plaintiffs of $2,554.65, subject to Plaintiffs' deductible and recoverable depreciation. Safeco denies the remaining allegations in this paragraph.

14. Safeco denies the allegations contained in paragraph 14 of the Petition.

15. With regard to the allegations in paragraph 15 of the Petition, Safeco admits only that Plaintiffs' Policy contained coverage for wind and hail damage, as specified under the terms and conditions of the Policy. Safeco denies the remaining allegations in this paragraph.

16. Safeco denies the allegations contained in paragraph 16 of the Petition.

17. Safeco denies the allegations contained in paragraph 17 of the Petition.

18. Safeco denies the allegations contained in paragraph 18 of the Petition.

19. Safeco denies the allegations contained in paragraph 19 of the Petition.

20. Safeco denies the allegations contained in paragraph 20 of the Petition.

21. Safeco denies the allegations contained in paragraph 21 of the Petition.

22. Safeco denies the allegations contained in paragraph 22 of the Petition.

23. Safeco denies the allegations contained in paragraph 23 of the Petition.

24. Safeco denies the allegations contained in paragraph 24 of the Petition.

25. Safeco denies the allegations contained in paragraph 25 of the Petition.

26. Safeco denies the allegations contained in paragraph 26 of the Petition.

27. With regard to the allegations contained in paragraph 27 of the Petition, Safeco denies it made false representations, knowingly or otherwise. Safeco denies the remaining allegations in this paragraph.

28. With regard to the allegations in paragraph 28 of the Petition, Safeco admits only that Plaintiffs are represented by counsel for the present matter. Safeco denies the remaining allegations in this paragraph.

29. Safeco denies the allegations contained in paragraph 29 of the Petition.

30. With regard to the allegations contained in paragraph 30 of the Petition, Safeco admits that Plaintiffs purchased a homeowners insurance policy from Safeco, issued under Policy No. OY7935778. The Policy speaks for itself. Safeco denies the remaining allegations contained in this paragraph.

31. Safeco denies the allegations contained in paragraph 31 of the Petition.

32. Safeco denies the allegations contained in paragraph 32 of the Petition.

33. Safeco denies the allegations contained in paragraph 33 of the Petition.

34. Safeco denies the allegations contained in paragraph 34 of the Petition.

35. Safeco denies the allegations contained in paragraph 35 of the Petition.

36. Safeco denies the allegations contained in paragraph 36 of the Petition.

37. Safeco denies the allegations contained in paragraph 37 of the Petition.

38. Safeco denies the allegations contained in paragraph 38 of the Petition.

39. Safeco denies the allegations contained in paragraph 39 of the Petition.

40. Safeco denies the allegations contained in paragraph 40 of the Petition.

41. With regard to the allegations contained in paragraph 41 of the Petition, Safeco denies it conducted unfair settlement practices, knowingly or otherwise. Safeco denies the remaining allegations in this.

42. With regard to the allegations in paragraph 42 of the Petition, Safeco admits that Plaintiffs filed a claim under Policy No. OY7935778 for storm damage to their property. Safeco denies the remaining allegations in this paragraph.

43. With regard to the allegations contained in paragraph 43 of the Petition, Safeco admits that the described behavior constitutes a non-prompt payment of claim and a violation of Tex. Ins. Code §542.055, but denies it conducted any such behavior. Safeco denies the remaining allegations contained in this paragraph.

44. With regard to the allegations contained in paragraph 44 of the Petition, Safeco admits that the described behavior constitutes a non-prompt payment of claim and a violation of Tex. Ins. Code §542.056, but denies it conducted any such behavior. Safeco denies the remaining allegations contained in this paragraph.

45. With regard to the allegations contained in paragraph 45 of the Petition, Safeco admits that the described behavior constitutes a non-prompt payment of claim under Tex. Ins. Code §542.058, but denies it conducted any such behavior. Safeco denies the remaining allegations contained in this paragraph.

46. With regard to the allegations contained in paragraph 46 of the Petition, Safeco denies it conducted unfair settlement practices, knowingly or otherwise. Safeco denies the remaining allegations in this paragraph.

47. Safeco denies the allegations contained in paragraph 47 of the Petition.

48. With regard to the allegations contained in paragraph 48 of the Petition, Safeco admits that the described behavior constitutes a breach of the duty of good faith and fair dealing, but denies it conducted any such behavior. Safeco denies the remaining allegations in this paragraph.

49. Safeco denies the allegations contained in paragraph 49 of the Petition.

50. Safeco denies the allegations contained in paragraph 50 of the Petition.

51. With regard to the allegations in paragraph 51 of the Petition, Safeco admits only that Plaintiffs consumers of goods and/or services. Safeco denies the remaining allegations contained in this paragraph.

52. Safeco denies the allegations contained in paragraph 52 of the Petition and each sub-paragraph thereto.

53. Safeco denies the allegations contained in paragraph 53 of the Petition.

54. Safeco denies the allegations contained in paragraph 54 of the Petition.

55. Safeco denies the allegations contained in paragraph 55 of the Petition.

56. Safeco denies the allegations and mischaracterizations contained in paragraph 56 of the Petition.

57. Safeco denies the allegations and mischaracterizations contained in paragraph 57 of the Petition.

58. The allegations contained in paragraph 58 of the Petition do not require a response from Safeco. However, Safeco denies that Plaintiffs are entitled to the recovery sought.

59. Safeco denies the allegations contained in paragraph 59 of the Petition.

60. Safeco denies the allegations contained in paragraph 60 of the Petition.

61. The allegations contained in paragraph 61 of the Petition do not require a response from Safeco. However, Safeco denies that Plaintiffs are entitled to the recovery sought.

62. The allegations contained in paragraph 62 of the Petition do not require a response from Safeco. However, Safeco denies that Plaintiffs are entitled to the recovery sought.

63. The allegations contained in paragraph 63 of the Petition do not require a response from Safeco. However, Safeco denies that Plaintiffs are entitled to the recovery sought.

64. The allegations contained in paragraph 64 of the Petition do not require a response from Safeco. However, Safeco denies that Plaintiffs are entitled to the recovery sought.

65. The allegations contained in paragraph 65 of the Petition do not require a response from Safeco. However, Safeco denies that Plaintiffs are entitled to the recovery sought.

66. The allegations contained in paragraph 66 of the Petition do not require a response from Safeco. However, Safeco denies that Plaintiffs are entitled to the recovery sought.

67. With regard to the allegations contained in paragraph 67 of the Petition, Safeco admits that Plaintiffs have retained the services of counsel; however, Safeco denies that Plaintiffs are entitled to the recovery sought.

68. The allegations contained in paragraph 68 of the Petition do not require a response from Safeco.

69. Safeco acknowledges that Plaintiffs made a jury demand as stated in paragraph 69 of the Petition.

70. Safeco acknowledges that Plaintiffs made a request for Safeco to serve disclosures in paragraph 70 of the Petition, although that request under state court rule is now moot.

71. With regard to each sub-paragraph under the section entitled "**PRAYER**," Safeco denies Plaintiffs are entitled to recover the relief sought.

## II.    AFFIRMATIVE DEFENSES

In addition to, and without waiving any of the foregoing, Safeco asserts the following matters as affirmative defenses:

a.    Safeco Insurance Company of Indiana issued Policy OY7935778 ("the Policy") to Plaintiffs Donna Aloia and Joseph F. Aloia for the residence at 315 Woodcock Lane, Canyon Lake, Texas 78133, for policy period August 11, 2021 to August 11, 2022.  Plaintiffs' recovery under the Policy is subject to a $282,200 limit of liability for the dwelling; $36,240 limit of liability for other structures, $169,320 limit of liability for personal property, $56,440 limit of liability for additional living expense and loss of rent, and a 1% deductible of $2,822.

b.    Safeco asserts all terms, conditions, limitations on coverage, and exclusions set forth in the policy.

c.    Pursuant to the following provision of the Policy, coverage is limited to loss which occurs within the time period during which the Policy was in effect.

> **INSURING AGREEMENT**
>
> This policy applies only to losses occurring during the policy period.

d.    Pursuant to the following provision of the Policy, Dwelling coverage is limited to risk of direct physical loss, unless otherwise excluded:

> **SECTION I – PROPERTY COVERAGES**
> **BUILDING PROPERTY LOSSES WE COVER**
>
> We cover accidental direct physical loss to property described in **Building Property We Cover** except as limited or excluded.[1]

---

[1] As added by the Quality Select Plus Endorsement – Texas (CHO-6528/TXEP 6/15)

  e. Pursuant to the following provision of the Policy, personal property coverage is limited to risk of direct physical loss, unless otherwise excluded:

> **SECTION I – PROPERTY COVERAGES**
> **PERSONAL PROPERTY LOSSES WE COVER**
>
> We cover accidental direct physical loss to property described in **Coverage C – Personal Property** caused by a peril listed, except as limited or excluded.[2]
>
> [. . .]
>
> 2. **Windstorm**, meaning loss by direct force of windstorm, including flying debris.
>
>    This peril does not include:
>
>    a. water damage as excluded under **Property Losses We Do No Cover**.
>    b. loss to personal property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of windstorm damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening;
>    c. loss to watercraft and their trailers, furnishings, equipment, and outboard motors.
>
> 3. **Hail.** This peril does not include:
>
>    a. loss to personal property contained in a building unless the direct force of hail causes an opening a roof or wall and the hail enters through this opening; or
>    b. loss to watercraft and their trailers, furnishings, equipment, and outboard motors.

  f. Pursuant to the following provisions of the Policy the following losses do not come within coverage:

> **BUILDING PROPERTY WE DO NOT COVER**
>
> 1. Land, no matter where it is located, including land on which the dwelling is located, except as noted in **Additional Property Coverages,** Land Stabilization.
>
> [. . . ]

---

[2] As added by the Quality Select Plus Endorsement – Texas (CHO-6528/TXEP 6/15)

**PROPERTY LOSSES WE DO NOT COVER**[3]

We do not cover loss caused directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of the cause of loss or any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

[. . .]

4. Continuous or repeated seepage or leakage of water or steam, or the presence or condensation of humidity, moisture or vapor which occurs over a period of weeks, months or years.

5.  a. wear and tear, marring, scratching, deterioration;
    b. inherent defect, mechanical breakdown;
    c. smog, rust, corrosion, electrolysis;

    [. . .]

    e. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, ceilings, swimming pools, hot tubs, spas or chimneys;

    However, we do insure for any resulting loss from items **1.** through **5.** unless the resulting loss is itself excluded under **Property Losses We Do No Cover in this Section**.

    [. . .]

11. **Neglect**, meaning your failure to use all reasonable mans to save and preserve property at and after the time of a loss, or when property is endangered.

    [. . .]

16. **Weather** that contributes in any way with a cause or event excluded in this section to produce a loss. However, any ensuing loss not excluded is covered.

17. **Planning, Construction or Maintenance**, meaning faulty, inadequate or defective:
    a. planning, zoning, development, surveying, siting;
    b. design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
    c. materials used in repair, construction, renovation or remodeling; or
    d. maintenance;

    of property whether on or off the *insured location* by any person or organization. However, any ensuing loss not excluded is covered.

---

[3] As amended by the Quality Select Plus Endorsement – Texas (CHO-6528/TXEP 6/15)

[. . .]

20. **Cosmetic Loss or damage**, meaning any loss that is limited to the physical appearance of a metal roof surface.

    Metal roof means all metal roofing materials on a metal roofing system. For purposes of this exclusion, metal roof does not include the coverings of bay or bow windows. This exclusion does not apply when the roof overlay is a material other than metal.

    This exclusion does not apply to policies endorsed with **Optimum Protection Homeowners Package, CHO-6391**.

g.  Pursuant to the following provision of the Policy, Plaintiffs' recovery under the Dwelling coverage of the Policy is subject to the following terms, conditions and limitations:

**SECTION I — PROPERTY CONDITIONS**

1. **Deductible.** In case of loss under **Section I — Property Coverages** of this policy, we cover only that part of the loss over the applicable deductible stated in the Declarations.

The Windstorm and Hail deductible shown in the declarations shall apply in the event of direct physical loss to property covered under this policy caused by windstorm or hail. No other deductible provision in the policy shall apply to direct physical loss caused by windstorm or hail.

2. **Your Duties to Select and Maintain Policy Limits.** It is your responsibility to select and maintain adequate amounts of insurance on your dwelling ad personal property. Your limits must be adequate to cover the cost of materials and labor to repair or replace your dwelling and personal property in the event of a total loss.

    To simplify your responsibility to maintain adequate insurance during fluctuating economic conditions, we will suggest annual adjustments, either up or down, of your policy limits based on average factors reflecting inflation and increases in the costs of construction in your geographic area. This suggestion will be made on the renewal date of your policy ad will be based upon average factors for your area supplied to us by recognized appraisal agencies. Your home may not be average.

    You will be notified in advance of the new amount of coverage. Payment of your renewal is all that is necessary to indicate your acceptance of the new amount.

    [. . .]

6. **Loss Settlement.** Covered property losses are settled as follows:

11

      **a. Replacement Cost.** Property under Coverage **A** or Coverage **B** at *replacement cost*, not including wood fences and structures that are not buildings, subject to the following:
      (1) We will pay the full cost of repair or replacement, but not exceeding the smallest of the following amounts:
        (a) the limit of liability under the policy applying to Coverage **A** or **B**;
        (b) the *replacement cost* of that part of the damaged building for equivalent construction and use on the same premises as determined shortly following the loss;
        (c) the full amount actually and necessarily spent to repair or replace the damaged building as determined shortly following the loss;
        (d) our pro rata share of any loss when divided with any other valid and collectible insurance applying to the covered property at the time of loss.

      [. . .]

      (3) If the cost to repair or replace is $1,000 or more, we will pay the difference between *actual cash value* and *replacement cost* only after the damaged or destroyed property has actually been repaired or replaced. Receipts or documents provided as proof of replacement do not comply with the terms of item **6.a. Replacement Cost** if the property is subsequently returned and not retained as replacement. You must make a claim under *replacement cost* within 365 days after loss, unless you request in writing an additional 180 days.

      (4) You may disregard the *replacement cost* loss settlement provisions and make claim under this policy for loss or damage to buildings on an *actual cash value* basis but not exceeding the smallest of the following amounts:
        (a) the applicable limit of liability;
        (b) the direct financial loss you incur; or
        (c) our pro rata share of any loss when divided with any other valid and collectible insurance applying to the covered property at the time of loss.

You may make a claim for loss on an *actual cash value* basis and then make a claim under *replacement cost* after you have repaired or replaced the property.

    h.     Pursuant to the following provision of the Policy, Plaintiffs' recovery under the additional property coverages of the Policy is subject to the following terms, conditions and limitations:

12

### ADDITIONAL PROPERTY COVERAGES

The following **Additional Property Coverages** are subject to all the terms, provisions, exclusions, and conditions of this policy.

[. . .]

**10.** **Reasonable Repairs.** We will pay up to $5,000 for the reasonable cost you incur for necessary repairs made solely to protect covered property from further damage, following a covered loss. This coverage does not increase the limit of liability applying to the property being repaired.

[. . .]

In the event that a loss is covered under both this coverage and **Additional Property Coverages – Building Ordinance or Law Coverage**, you may elect either one of these coverages, but not both.

i. Plaintiffs materially breached their agreement with Safeco as set out in the Policy by failing to comply with all of its applicable provisions. As a result, Safeco was prejudiced as to its performance under the contract and is therefore released from further obligation under the insurance contract and owes Plaintiffs no contract damages. Alternatively, there is a failure of consideration on Plaintiffs' part due to their failure to comply with the applicable provisions of the Policy.

j. Plaintiffs failed to comply with the following Conditions of the Policy:

**SECTION I — PROPERTY CONDITIONS**

[. . .]

**4. Duties After Loss**.
   **a. Your Duties After Loss**. In case of a loss to which this insurance may apply, you must perform the following duties:
   **(1)** give prompt notice to us or our agent.[4]
   […]
   **(3) (a)** protect the property from further damage.
       **(b)** make reasonable and necessary repairs to protect the property.
       **(c)** keep an accurate record of repair expenses.
   **(4)** prepare an inventory of the loss to the building and damaged personal property showing in detail the quantity, description,

---

[4] As provided by Amendatory Endorsement – Texas (CHO-6595/TXEP R1 10/08)

>> *replacement cost* and age. Attach all bills, receipts and related documents that justify the figures in the inventory;
>> **(5)** as often as we reasonably require:
>>> **(a)** provide us access to the damaged property.
>>> **(b)** provide us with pertinent records and documents we request and permit us to make copies.
>
> [. . .]
>
> 9. **Suit Against Us**. No action shall be brought against us unless there has been compliance with the policy provisions and the action is started within two years and one day after the cause of action accrues.[5]

k.   Payment for Plaintiffs' claim under the Policy is subject to the following conditions:

> 10.   **Loss Payment**. If we notify you that we will pay your claim, or part of your claim, we must pay within 5 *business days* after we notify you. If payment of your claim or part of your claim requires the performance of an act by you, we must pay within 5 *business days* after the date you perform the act.
>
> [. . . ]
>
> 14.   **Mortgage Clause.**
> The word "mortgagee" includes trustee. If a mortgagee is named in this policy, any loss payable under Coverage **A** or **B** shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.

l.   Plaintiffs cannot prevail on their extra-contractual claims unless and until they prove that Safeco has committed a material breach of the Policy. Plaintiffs have not proved that Safeco has committed a material breach of the Policy.

m.   Plaintiffs failed to comply with their duty to mitigate damages.

n.   Plaintiffs failed to comply with all conditions precedent to their right to recover under the homeowners insurance policy in that they failed to prove that the alleged loss was a covered loss, or they failed to segregate the portion of the alleged loss which they claim was

---

[5] As provided by Amendatory Endorsement – Texas (CHO-6595/TXEP R1 10/08)

covered from the portion of the alleged loss which they do not assert was covered as required under the doctrine of concurrent causation.

  o. Safeco will assert its right to offset and credit for indemnity amounts already paid to Plaintiffs by either Safeco or other third parties.

  p. Plaintiffs failed to provide Safeco with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code.

  q. Plaintiffs failed to submit all items, statements, and forms required to secure final proof of loss as that term is used in § 542.056 of the Texas Insurance Code.

  r. Plaintiffs failed to provide Safeco with the written notice required by § 541.154 of the Texas Insurance Code and Section 17.505 of the Texas Business and Commerce Code.

  s. Plaintiffs failed to present their claim to Safeco pursuant to §38.002 of the Texas Civil Practice & Remedies Code.

  t. Plaintiffs' own delays, actions and omissions in prosecuting this action—which should not inure to their financial benefit—have tolled the accrual of penalty interest under Texas Insurance Code Chapter 542. Additionally, under equitable principles, Plaintiffs have waived, forfeited, are estopped from asserting and have otherwise relinquished their entitlement to an 18% penalty under Texas Insurance Code Chapter 542 or any other delay- or time-based penalty or interest due to Plaintiffs' own discretionary delays and inaction in pursuing relief.

  u. Pursuant to §33.003 of the Texas Civil Practice & Remedies Code, as to Plaintiffs' claim for a breach of the duty of good faith and fair dealing, Safeco requests that the trier of fact determine the percentage of responsibility for Plaintiffs with respect to their causing or contributing to cause in any way the alleged harm for which recovery is sought.

v. Safeco pleads the limitations on exemplary damages contained in the Texas Civil Practices and Remedies Code, Title 2, §41.001, *et. seq*. In addition, the Petition and any amendments thereto, to the extent it seeks recovery of exemplary damages, violates Article I, §13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates Safeco's right to substantive and procedural due process as provided in Article I, §19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Moreover, as a matter of state and federal constitutional law, and/or sound public policy, any findings supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of evidence.

w. A *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement to insurance benefits. Insurers possess the right to value claims differently from their insureds without facing extra-contractual or "bad faith" liability. Safeco would show that a *bona fide* controversy existed regarding the limit of liability and/or the cause(s), scope and/or cost to repair the allegedly covered loss. Accordingly, Safeco's liability has <u>not</u> become "reasonably clear."

x. Safeco reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of the loss.

y. For further answer, if needed, Safeco alleges that any prejudgment interest recoverable is limited in accordance with the terms of Texas Finance Code Annotated Sections 304.101 *et seq*.

z. For further answer, if needed, Safeco alleges that in the event Plaintiffs are found to be entitled to any damages in this matter, Plaintiffs are not entitled to recover prejudgment interest on any future damages.

aa. For further answer, if needed, Safeco alleges that any prejudgment interest recoverable is limited pursuant to Section 304.003(c) of the Texas Finance Code.

bb. For further answer, if needed, Safeco alleges that any prejudgment interest recoverable should be calculated on the "declining principle" formula and only after all applicable credits and/or offsets are applied.[6]

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:	(210) 227-2200
Facsimile:	(210) 227-4602
dstephens@lsslaw.com
rramos@lsslaw.com

_____
David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*
Roland D. Ramos
State Bar No. 24096362

COUNSEL FOR DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA

---

[6] *See, e.g., Brainard*, 216 S.W.3d at 815-17; *State Farm Mut. Auto. Ins. Co. v. Norris*, 216 S.W.3d 819, 821-22 (Tex. 2006).

## CERTIFICATE OF SERVICE

  In accordance with Federal Rules of Civil Procedure, on the 24th day of April, 2023, a true and correct copy of the above and foregoing instrument was served upon the following counsel of record:

  Shaun W. Hodge
  Katherine C. Hairfield
  Matthew S. Russo
  THE HODGE LAW FIRM, PLLC
  The Heritage Runge House
  1301 Market Street
  Galveston, Texas 77550
  shodge@hodgefirm.com
  khairfield@hodgefirm.com
  mrusso@hodgefirm.com

                _____
                David R. Stephens / Roland D. Ramos